UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD J. PIERCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01739-TWP-KMB |
| | ) |
| ALEX ALICEA, I.I. | ) |
| JASON GRIFFITH, Lieutenant | ) |
| DENNIS REAGLE, Warden | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO AMEND COMPLAINT
ENTRY SCREENING THE AMENDED COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court on *pro se* Plaintiff Ronald Pierce's ("Mr. Pierce") Motion to Submit Amended Complaint (Dkt. 18) and for screening of his Amended Complaint (Dkt. 18-2). Mr. Pierce is a prisoner incarcerated at Pendleton Correctional Facility. He filed this civil action alleging that he was subjected to excessive force at that facility. For the reasons stated below, his motion to amend is **granted** and because he is a "prisoner," this Court has an obligation to screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

In the original complaint, Mr. Pierce sued correction officers Alex Alicea ("Officer Alicea"), Jason Griffith ("Lt. Griffith"), and Warden Dennis Reagle ("Warden Reagle"). He alleged that Officer Alicea unnecessarily sprayed him with OC spray, causing him vision and hearing impairments and that g was present and allowed it to happen. Mr. Pierce also asserted that Mr. Reagle was made aware of the incident through grievances but disregarded his complaints. In its Order Screening Complaint, the Court dismissed the claim against Mr. Reagle and allowed Mr. Pierce's claims to proceed against Officer Alicea and Lt. Griffith. Dtk. 14.

Mr. Pierce names the same defendants in the proposed amended complaint. He again alleges that Officer Alicea excessively sprayed him with OC spray and Lt. Griffith failed to intervene. He goes on to allege that, after he filed a grievance about this incident, all three defendants covered it up by doctoring camera footage and falsifying reports.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, while Mr. Pierce alleges that the defendants are sued in their official and individual capacities, he has not stated a claim against any defendant in his official capacity. This is because

2

any official capacity claim is against the State of Indiana, which is not a person subject to suit under § 1983. *See Kreilein v. Horth*, 854 F. App'x 733, 734 (7th Cir. 2021) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989)). Accordingly, any official capacity claim is **dismissed**.

The claims that shall proceed are the following. Mr. Pierce's Eighth Amendment claim that Officer Alicea used OC spray against him excessively and Lt. Griffith failed to intervene shall continue to proceed as Eighth Amendment claims. Mr. Pierce's claims that, because he filed a grievance, each of the defendants covered up the incident by altering camera footage and falsifying reports shall proceed against Officer Alicea, Lt. Griffith, and Warden Reagle as First Amendment retaliation claims.

This summary of claims includes all the viable claims identified by the Court. Any other claims have been dismissed. If Mr. Pierce believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 4, 2024,** in which to identify those claims.

## IV. Conclusion and Service of Process

Mr. Pierce's motion to amend, dkt. [18], is **granted**. The **clerk shall re-docket** the proposed amended complaint, dkt. [18-2], and its exhibits, dkt. [18-3] as the operative complaint in this action. **The clerk is directed to add Dennis Reagle as a defendant on the docket.**

The **clerk is further directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to Warden Reagle in the manner specified by Rule (d). Process shall consist of the amended complaint, dkt [18-2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

3

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: 4/3/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RONALD J. PIERCE
903145
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel


Electronic service to Indiana Department of Correction:
   Dennis Reagle
   (All at Pendleton Correctional Facility)